UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIKHAIL ESPERSON,                              )
                                               )    **AMENDED COMPLAINT**
                                               )
                    Plaintiff,                 )
                                               )    **JURY TRIAL DEMANDED**
        -against-                              )
                                               )    13 Civ. 4474 (VSB)
THE CITY OF NEW YORK; NEW YORK CITY            )
POLICE OFFICER JAKUB DANISEWICZ, Shield        )
No. 9124; NEW YORK CITY POLICE OFFICER         )
KENNETH MILTON, Shield No. 06565; NEW          )
YORK CITY POLICE OFFICER JOHN SMITH,           )
Shield No. 30374; NEW YORK CITY POLICE         )
SERGEANT HECTOR BARIAS, Shield No.             )
00420; JOHN DOE #1; JOHN DOE #2; JOHN          )
DOES and RICHARD ROES,                         )
                                               )
                    Defendants.                )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its First, Fourth and Fourteenth Amendments and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a timely Notice of Claim with the Comptroller of the City of New York on April 13, 2012, within 90 days of his arrest and the accompanying police misconduct complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff at all times relevant herein were residents of the State of New York,

County of Queens.

8.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.     Defendants NEW YORK CITY POLICE OFFICER DANISEWICZ, NEW YORK CITY POLICE OFFICER MILTON, NEW YORK CITY POLICE OFFICER SMITH, NEW YORK CITY POLICE SERGEANT BARIAS, JOHN DOE #1, JOHN DOE #2, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants NEW YORK CITY POLICE OFFICER DANISEWICZ, NEW YORK CITY POLICE OFFICER MILTON, NEW YORK CITY POLICE OFFICER SMITH, NEW YORK CITY POLICE SERGEANT BARIAS, JOHN DOE #1, JOHN DOE #2, and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their

duties. Defendants NEW YORK CITY POLICE OFFICER DANISEWICZ, NEW YORK CITY POLICE OFFICER MILTON, NEW YORK CITY POLICE OFFICER SMITH, NEW YORK CITY POLICE SERGEANT BARIAS, JOHN DOE #1, JOHN DOE #2, and JOHN DOES are sued individually.

10. Defendants JOHN DOE #1, JOHN DOE #2, NEW YORK CITY POLICE SERGEANT BARIAS, and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants JOHN DOE #1, JOHN DOE #2, NEW YORK CITY POLICE SERGEANT BARIAS, and RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants JOHN DOE #1, JOHN DOE #2, NEW YORK CITY POLICE SERGEANT BARIAS, and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11. On March 31, 2012, approximately 4 a.m., Plaintiff was riding the G train in Brooklyn, on his way home.

12. Plaintiff was not lying down.

13. Plaintiff was reclined on the seat, and Plaintiff's feet were up on the seat.

14. Plaintiff was not obstructing any seating on the train car, which, other than a few other passengers, was nearly empty at 4 a.m.

15. At or around, on information and belief, either the Bedford / Nostrand subway station or the Hoyt / Schermerhorn subway station, a JOHN DOE Police Officer, on information and belief Defendant DANISEWICZ, told Plaintiff to step out of the train car onto the platform.

16. Plaintiff complied, and went out to the platform with Defendant DANISEWICZ.

17. Defendant DANISEWICZ asked Plaintiff for identification.

18. Plaintiff presented Defendant DANISEWICZ with two forms of identification.

19. Defendant DANISEWICZ checked Plaintiff's identity by radio, and then told Plaintiff to turn around and put his hands behind his back.

20. Defendant DANISEWICZ put Plaintiff in handcuffs.

21. After Defendant DANISEWICZ placed Plaintiff in handcuffs, he told Plaintiff to turn back around.

22. Plaintiff, feeling he was being treated unreasonably, sat down on the ground and told Defendant DANISEWICZ, "enjoy your job, motherfucker."

23. Defendant DANISEWICZ called for back-up.

24. Police Officer JOHN DOE #1 - on information and belief either Defendant MILTON, Defendant SMITH, or Defendant BARIAS - arrived at the scene a couple of minutes later.

25. Plaintiff declined requests / directions that he stand up.

26. Defendant DANISEWICZ and JOHN DOE #1 lifted Plaintiff up by both arms.

27. Under the direction of JOHN DOE #1, Defendant DANISEWICZ and JOHN DOE #1 dragged Plaintiff in an unnecessarily painful manner, using excessive and unreasonable force, to a Transit Bureau police station that was in the train station.

28. Plaintiff was screaming in excruciating pain.

29. The officers were telling Plaintiff to walk, and inflicting pain on Plaintiff to try to coerce Plaintiff to walk.

30. Eventually Plaintiff began to walk because the pain was more than he could bear.

31. At the Transit Bureau police station Plaintiff was placed in a cell.

32. Plaintiff refused to be fingerprinted at the police station.

33. One or more of, on information and belief, a number of JOHN DOES - possibly including JOHN DOE #1, and including a JOHN DOE #2 (on information and belief either Defendant MILTON, Defendant SMITH, or Defendant BARIAS, and who appeared to be exercising a command role within the precinct) - dragged Plaintiff out of the cell to fingerprint Plaintiff.

34. One or more of these Defendants twisted both of Plaintiff's arms back, causing Plaintiff to scream with excruciating pain, in an effort to have Plaintiff unclench his fists so that he could be fingerprinted.

35. Unable to take Plaintiff's fingerprints at that time, these Defendant officers then put Plaintiff back in the cell.

36. These Defendant officers then sadistically handcuffed both of Plaintiff's wrists with extreme and unnecessary tightness through the top of the cell, so that Plaintiff was left standing with his arms positioned high above him.

37. Plaintiff was left in this medieval torture position for approximately a half hour to two hours.

38. Plaintiff asked repeatedly for his handcuffs to be loosened, at least, but the Defendant officers ignored his pleas.

39. On information and belief, at or around the time of a shift change officers finally took the handcuffs off of Plaintiff in the cell, and released him from being handcuffed to the top of the cell.

40. While Plaintiff was at the police station, he asked repeatedly for medical attention, but none of the JOHN DOES police officers called for medical attention for Plaintiff, and in fact mocked Plaintiff upon his requests for medical care.

41. After what appeared to be the shift change, and a respectful request from a police officer to take Plaintiff's fingerprints, Plaintiff permitted his fingerprints to be taken.

42. After approximately five hours in custody at the Transit Bureau police station, Plaintiff was brought to Brooklyn Central Booking.

43. Plaintiff was held at Brooklyn Central Booking until approximately 11 p.m. that night, and brought before a judge.

44. Plaintiff was informed that he had been charged with obstruction of seating, which charge was dismissed by the arraignment judge in its entirety.

45. The summons that was issued to Plaintiff - that charged him with "Obstruction Seating" in violation of Section 1050.7(J) of the New York City Rules and Regulations, and that was assigned Kings County Criminal Court Docket Number 2012KN026599 - was signed by Defendant DANISEWICZ, who lied in the narrative portion of the summons when he swore,

under penalty of perjury, that "[a]t T/P/O [time and place of occurrence] P.O. observed Defendant Lying down sleeping on a s/B [southbound, on information and belief] "G" Train Occupying more than one seat."

### FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

46.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

47.     By their conduct and actions in falsely arresting and imprisoning, maliciously prosecuting, abusing process against, assaulting and battering, violating / retaliating for the right to free expression of, violating the rights to due process of, unlawfully searching and seizing, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating an account and /or evidence with regard to, Plaintiff, Defendants DANISEWICZ, MILTON, SMITH, BARIAS, JOHN DOE #1, JOHN DOE #2, and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

48.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

49.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

50.     By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers JOHN DOE #1, JOHN DOE #2, BARIAS, and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

51.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

52.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

54.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies,

practices, customs, and usages of failing to properly train, screen, supervise, or discipline employee police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

55. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

56. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

57. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

**RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE**

## LAW VIOLATIONS

58. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

60. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## ASSAULT AND BATTERY

61. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62. By the actions described above, defendants did inflict assault and battery upon plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great

humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

64. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65. By the actions described above, defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### INTENTIONAL and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

67. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH

70.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

71.     By the actions described above, defendants violated, and retaliated for the exercise of, the free speech rights of plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### MALICIOUS PROSECUTION

73.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

74.     By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

75.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## ABUSE OF PROCESS

76.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

77.     By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## NEGLIGENCE

79.     The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

80.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

82.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

83.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual defendants. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## CONSTITUTIONAL TORT

85. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

86. Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§ 6, 8, and 12 of the New York State Constitution.

87. A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 8, and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under those sections.

88. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the Plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorneys' fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:     New York, New York
           February 26, 2014

                                                    JEFFREY A. ROTHMAN, Esq.
                                                    Law Office of Jeffrey A. Rothman
                                                    315 Broadway, Suite 200
                                                    New York, New York 10007
                                                    (212) 227-2980

                                                    Attorney for Plaintiff